UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-447 (NEB/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ABDIRASHID BIXI DOOL,

        Defendant.

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Daniel Rosen, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, and Daniel W. Bobier, Assistant United States Attorneys, hereby files the following motion for a entry of a protective order governing discovery, and in support thereof states as follows:

1. The defendant in the above-referenced case is charged by indictment with wire fraud in violation of 18 U.S.C. § 1343. The indictment alleges that the defendant devised and carried out a massive scheme to defraud the federal child nutrition program, a program designed to provide free meals to children in need. The defendant obtained, misappropriated, and laundered millions of dollars in program funds that were intended as reimbursements for the cost of serving meals to children. The defendant exploited changes in the program intended to ensure underserved children received adequate nutrition during the Covid-19 pandemic. Rather than feed children, the defendant took advantage of the Covid-19 pandemic—and the resulting

program changes—to enrich himself by fraudulently misappropriating millions of dollars in federal child nutrition program funds.

2.	The discovery to be provided by the government is voluminous. As set forth in the government's Motion to Designate Case As Complex Under The Speedy Trial Act, Dkt. 13, during the course of this investigation, the grand jury issued more than 1,300 subpoenas. The responses to these subpoenas include financial statements and other records for hundreds of bank accounts and credit card merchant accounts. The government interviewed hundreds of witnesses and individuals involved in the fraud scheme, and will be producing hundreds of reports documenting those interviews. The government obtained and executed physical search warrants for 32 businesses and residences. During these searches, the government seized approximately 380 electronic devices, including computers, laptops, and cell phones. The government also obtained warrants to search more than 45 email accounts, through which the government obtained more than 250,000 emails relevant to the investigation. In all, discovery will total several million pages of documents.

3.	The indictment charges that Feeding Our Future employees recruited individuals and entities to open Federal Child Nutrition Program sites throughout the state of Minnesota. These sites, created and operated by the defendants and others, fraudulently claimed to be serving meals to thousands of children a day within just days or weeks of being formed. The defendants created dozens of shell companies to enroll in the program as Federal Child Nutrition Program sites. To carry out the scheme, the defendants also created and submitted false documentation. They

submitted fraudulent meal count sheets purporting to document the number of children and meals served at each site. The defendants also submitted false invoices purporting to document the purchase of food to be served to children at the sites. The defendants also submitted fake attendance rosters purporting to list the names and ages of the children receiving meals at the sites each day.

4. This voluminous discovery includes highly sensitive information, including bank and credit card records, tax records, and other documents and records containing personal financial information and personal identifiable information of parties and non-parties. The discovery also includes lists of children and information about other individuals not involved in the charged fraud scheme. The unrestricted dissemination of this information could adversely affect law enforcement interests and the privacy interests of third parties.

5. While the government intends to redact a small subset of sensitive information from the discovery, the redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties.

6. Therefore, the government respectfully requests that this Court enter a Protective Order limiting the dissemination of that class of information considered "Protected Material." Specifically, Protected Material includes all information

produced by the government in this case, except matters of public record, the defendants' own statements, criminal history information, and expert reports.

7. It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by defendants and defense counsel and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to a defendant in this action; (c) that defense counsel, defendants, and other members of the defense teams, including defense experts, may have access to the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendants, shall be informed of the terms of the Protective Order prior to disclosure; (e) that the use of the Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his or her counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government within 60 days of the conclusion of this litigation, including appeals.

5

WHEREFORE, the Government respectfully moves this Court to enter the proposed protective order.

Dated: December 30, 2025                           Respectfully Submitted,

                                                   DANIEL N. ROSEN
                                                   United States Attorney

                                                   /s/ *Daniel W. Bobier*
                                              BY:  DANIEL W. BOBIER
                                                   JOSEPH H. THOMPSON
                                                   HARRY M. JACOBS
                                                   Assistant United States Attorneys